Good morning, Your Honors. Could I please reserve five minutes for rebuttal? It is undisputed that forfeitures are plan assets, and as such, they are owned by the plan, not the employer. It is also undisputed that the plan at issue here provides several options for how the forfeitures may be used. One option is to use the forfeitures to offset plan expenses that otherwise are charged to participant accounts. Another option is to use these plan assets to offset plan contributions that otherwise must be paid out-of-pocket by the employer. In this plan, the employer, HP, both sponsors the plan and administers the plan. Accordingly, when HP is administering the forfeitures, HP is entrusted with the discretion to decide- So HP, Incorporated, the defendant here, is the administrator of this plan? Yes, it's administered through a committee of the company, which is HP. Was that committee a separate defendant here? Initially, it was, but because they are one and the same, we removed the committee because the committee is composed of HP. What do we do in terms of these hats with the fact that the plan also provides, in Section 17, unfettered discretion to pay the expenses out of the trust? Section 17 allows for the decision whether the expenses will be paid out of the employer's pocket or out of the trust. We are arguing here they're paid out of the trust. If you're using forfeitures to pay the expenses, the expenses are being paid out of the trust. The issue is what bucket of money in the trust to use to pay those expenses. There, the company acting as an administrator has discretion to decide between using the money that's in the participant's accounts or the forfeitures, both of which are in the trust, both of which are plan assets. That is the only decision we're challenging here, is when the expenses are paid out of the trust using plan assets, what bucket of money are they choosing to use? We're claiming that under the facts that we've alleged here, not always the case, but under the facts we've alleged here, it's reasonable to infer that it would be in the best interest of the participants to use the forfeitures that are in the trust to offset the plan expenses. But so you don't, just to be clear, and I take your briefs to say this as well, you don't contend that the HP administering Section 17 is a fiduciary function? Well, there's two things in 17. In HP administering it to the extent it's deciding what plan assets to use to pay the expenses, that is definitely a fiduciary function because they are managing and disposing of plan assets. They are deciding which plan assets to dispose of to pay the plan expenses. To the extent that HP is not paying out of pocket its own money to pay the expenses, that's not at issue here, and we're not claiming that that. But 17 does seem to reserve to HP to complete an unfettered discretion to pay expenses out of the trust. Correct. And that's not part of your claim at all here. So, I mean, this is, I think, where the district court went with that. Why doesn't that then settle, unintended, the question of then what work Section 11 does in terms of choosing between the options? Because the plan itself, they're saying they're administering it according to the terms of the plan, and the terms give them this choice upstream of the menu provided in Section 11. I think what the court aired in there is when the forfeitures, which are plan assets, are being used to pay the plan expenses. That is not money that's being paid by HP. That is not money that's coming out of HP's pocket. The 17B, the provision you're talking about, is just the decision of whether to pay the plan expenses out of the trust or out of HP's pocket. Under what we're alleging here, the plan expenses are paid 100% out of the trust. That decision's already been made. Now we're in 11B and trying to figure out which options. Yeah, I mean, I guess if it could be true that if the plan had said to the extent that HP doesn't pay plan expenses out of its pocket, all plan expenses must be deducted from the participant accounts. If 17B said that, we'd be in a different arena here because there the plan is requiring that to the extent HP doesn't pay out of pocket for the expenses, they're charged with participant accounts. And it could do that. The plan could say that, and this claim wouldn't lie. But it's important that that's not what this plan says, and that's not the decision we're challenging. The only decision we're challenging is when plan expenses are paid out of the trust using plan assets, not HP's money, what bucket in the trust do you charge to cover those expenses? That is the only issue here. That is a quintessential fiduciary function as the Department of Labor has agreed. So when HP is administering the forfeitures, they are entrusted with the discretion to decide whether to use these plan assets to save the participant's money or to save itself money. In dismissing plaintiff's claims for breach of fiduciary duty and self-dealing, the district court made three key errors. First, although both the district court and the Department of Labor agree that HP was acting as a fiduciary when deciding how to use the forfeitures, the district court erred by never analyzing whether, under the actual facts alleged here, it was reasonable to infer that HP was motivated by its own economic self-interest rather than the best interest of the participants when deciding year in and year out to allocate all forfeitures toward reducing its own contributions. Second, the district court erred in concluding that plaintiff was seeking an additional benefit not promised by either the plan terms or ERISA. The only benefit that plaintiff is seeking here is that HP comply with its fiduciary obligation to act in the best interest of the participants when exercising its fiduciary discretion to decide among the plan's permissible options for using forfeitures. That benefit is promised by both the plan and ERISA, and this is important. So is your position that this, as I understand this option is, maybe it's not boilerplate, but part of it is at least tax motivated. And so where you have a menu like this, is the standard you'd want us to set that the fiduciary must establish that it would be kind of insolvent otherwise? It would no longer be able to admit that it was forced to use it on something, you know, forced to use it on fees or contributions? How are we supposed to figure that out? The standard would be when you are exercising discretion in deciding how to allocate plan assets, the standard is you have to endeavor to act in the best interest of the participants. That's set by the statute. That's not something that we're advocating. Right, but the problem is the statute, to the extent it calls out two purposes and its very definition of fiduciary duty says that those duties are to benefit the beneficiaries and pay the expenses. Yeah, to act solely in the interest of the participants. But paying the expenses, right, as well as benefit the beneficiaries. Are you saying paying the contributions, is that what you're saying, or paying? Both. Yeah, those would both help us, though, what you're saying there. I think you're saying to provide benefits and to defray expenses.  Yeah, and I think what we're saying is those are both possibly in the best interest of the participants. What you have to do is you have to evaluate the options. Well, that sounds like the prudence claim now, which I think probably turns in some ways as to whether you have a loyalty claim. Yes, well, to some extent. I mean, the bottom line is when deciding among those permissible options, they have to act solely in the interest of the participants. We're not saying that the only possible time that it would be in the interest of the participants to use the forfeitures to offset the company's contributions is when they are insolvent. We've come up with that as an example, but we're not required to come up with all those examples in pleading here. The Department of Labor has come up with another example where the company has said, hey, we're going to breach our contribution obligation if you allocate these in the best interest of the participants. And then it's maybe not in their best interest because then there's a risk that they're not going to get the full amount of the contributions. All we're saying is you have to act solely in the interest of the participants. And under the facts that we've alleged here, it's reasonable to infer that the company did not act in the best interest of the participants because they were motivated by their own economic self-interest. That's all we have to do to survive the pleading stage. So we've got a fiduciary decision. The issue is why they did what they did. That's a factual dispute. That is something we have to resolve in discovery. If this is a fiduciary decision and it's reasonable to infer that their decision was infected by self-interest and wasn't made with an eye single toward the participant's interest, we should be able to get to discovery to determine, hey, how did you come to this conclusion? What was it based on? What was your subjective motivation? That is the test. All we're saying is we've said enough for this court to say that, yeah, that seems probable, that they were motivated by their economic self-interest as opposed to thinking solely about the interest of the participants. Councilman, I'm going to ask you to bring me back. I'm just basic level here. Tell me the difference between when HP is acting as a sponsor versus a fiduciary in terms of when they choose how to deal with these administrative expenses of the trust. Sure. When HP is acting as a sponsor or a settler, they are designing the terms of the plan. And in that capacity, they owe no fiduciary duty to the participants. So they can design the plan to deal with forfeitures however they would like to. They could design the plan to say all forfeitures must be used to offset our contributions. They can do that. We're not saying that would be illegal. That is completely permissible. If they designed it that way, we wouldn't be here because there wouldn't be a fiduciary decision. Now, if they design the plan to leave what to do with the plan assets to the discretion of the administrator or the company in the process of implementing the plan, if they leave that as an open issue, then you're administering the plan. When you're administering the plan, you put on your fiduciary hat. You take off your settler hat. You have to have blinders on. That's what the Supreme Court has basically made clear. When you're acting as a fiduciary, you have to wear your fiduciary hat. And in that capacity, you have to have an eye single toward the interests of the participants. So the dividing line here is designing the terms of the plan and then implementing them. And if you're implementing them and you have discretion to make choices, you've got to exercise that discretion in the best interest of the participants. Here, what happened is HP designed a plan where they made the decision of what to do with the forfeitures a fiduciary decision, the way they designed it. They left it open. They didn't restrict it in any way. They could have. Other plans certainly do. But they decided to leave it as a fiduciary decision. All we're saying is because you designed it that way, you've got to execute it that way and you actually endeavor to do it that way. You want to save time for rebuttal? Yes, yes. Okay. All right. Thank you, Counsel. So we'll hear next from Mr. Keneally. Did I pronounce that correctly? That's exactly right, Your Honor. Thank you very much. May it please the Court, Michael Keneally on behalf of HP. For over 50 years, retirement plans have redirected forfeited employer contributions to other plan participants as a way of funding their benefits. Until a few years ago, no one argued that that common practice was itself evidence of a breach of ERISA. But this case is part of a new wave of lawsuits arguing exactly that. The district court properly rejected this novel and sweeping theory, as have dozens of district courts, and this court should do so as well. Plaintiff's central claim, which you heard, is that if plans permit using forfeitures to subsidize administrative expenses, then ERISA requires that subsidy. But the baseline rule, which plaintiff does not dispute, is that ERISA doesn't require employers to subsidize administrating expenses. It doesn't require employers to provide benefits at all. It principally requires plans to provide the benefits that were promised, and there's no dispute that HP did that here. Participants were never promised subsidized expenses. In fact, Section 17B of the plan, as was discussed earlier, is clear that it's wholly within HP's discretion as settler, the company itself. But is it clear that it's as settler and not as administrator? Section 17 is clear, Your Honor. It refers to the company, which is a defined term under Section 21, referring to HP, Inc. And I do want to clarify one response from my friend to Your Honor's question about whether HP as a company is the administrator. And the plan is very clear in Section 16 that the named fiduciary is the planned committee. Well, why isn't that? We usually see in ERISA cases that the defendant is both the company and then the committee or the administrator. So why don't you win on those grounds if the fiduciary isn't before us? I think we do win on those grounds, Your Honor. I mean, that was obviously not – Did you argue that? Well, in the district court, Your Honor, the plaintiff originally named both the company and the planned committee in the opening – in the original complaint. In the amended complaint, the plaintiff dropped the committee and named some John Doe defendants. In the opening brief, there was no reference to the John Doe defendants or the committee at all. We didn't focus on that in our brief because the district court didn't rely on that point. And I think that the district court's reasoning is perfectly sound. What the district court did in the second opinion was to distinguish the company exercising its authority under Section 17B as a settler whether to cover administrative expenses or not. And then the planned committee, which is a fiduciary, no doubt. Is the committee a separate legal entity? Yeah, they're flesh and blood human beings, and they would be potentially individually liable. So you would sue the individuals? Is there an entity that – No, they're individuals. And I think that's maybe why the John Doe defendants are in the amended complaint. But under Section 1109, fiduciaries are individually liable for any breaches of their duties. So that is normally how these cases are brought. There is a named defendant that is the committee, but that's really a stand-in for the individuals who serve on the committee. Does the plan need to have this menu of options in it? I mean, there's some discussion of tax policy in terms of but wouldn't it be consistent with the tax policy just for the plan to eliminate the option and make clear to participants that forfeitures are going to be used, at least in a certain priority? The plan could certainly do that, Your Honor. And we've seen – my firm's clients have started to change their plan language as a result of these lawsuits to eliminate any possibility of subsidizing administrative expenses for forfeitures. So they're now adopting the per se rule that your opponent said would be okay? Exactly, Your Honor. And I just don't see how that is consistent with the statutory scheme. As Judge Johnstone was noting, one of the two exclusive purposes for which plans are supposed to be administered is to provide benefits and also to defray reasonable expenses. And the implication of plaintiff's position is that if plans want to avoid this kind of claim, they should just cut that second option out in terms of the administrative expenses. Why doesn't the fiduciary duty require at least a little bit more? I mean, is there a justification before us as to – not in the briefs but in kind of the record or HP's decision-making processes for why it thought it was better for participants to choose one over the other? Yes, and I think it's the point we were just discussing. I think that the plan committee, as a separate entity, knows from the Section 17 decision of the company whether the company wants to cover administrative expenses out of its own pocket. If the plan committee says, eh, I think it's actually better for the participants this year if we use forfeitures that way, even though the company doesn't want to pay or to bear the cost of the administrative expenses, then the committee knows, well, next year the company acting as plan seller can freely amend the plan to hardwire that option out forever. And going forward, the participants will never be eligible to have a subsidy through the forfeitures of the plan. But they never have been in practice, I think is the point. In the class-perioded issue here? Yeah. That is the allegation. But my point is that the fiduciary is constantly thinking not just about the short-term effects of its decisions but whether the participants overall will be benefited from one activity or another or one decision or another. And here the obvious thing that the company would do if the committee used forfeitures to require the company to pay the expenses in a given year is to just cut that option out going forward. That's the same result either way though is you have a fiduciary deciding with the forfeitures to never use them or to always use them for contributions. Well, I mean there's no reason to think that the fiduciary would decide never to use them if given the option. If that's in the plan. I think you've just given us a reason. If that's the concern, if that's how the fiduciary looks at it, and that's how it's played out. The company could decide in a given year. There's such a large amount of forfeitures this year. We think that we as a company would like to subsidize administrative expenses and then the committee would follow that instruction presumably. And that would be better for participants potentially. But all this is to say that the framework that the plaintiff is proposing here really goes well beyond how courts have construed the general duties of ERISA. The general rule is that the duties of loyalty and the duties of prudence require plan fiduciaries to provide the benefits that were promised. And there's no dispute that that happened here. I think plaintiff is going much further in arguing not really for the duty of loyalty that's in the statute but of best interests standard. And that's not the language. The language is solely in the interest of the participants and for the exclusive purpose of providing benefits or deferring expenses. And when the plan terms are complied with, as they undisputedly were here, both of those purposes are being fulfilled and no other purpose is being fulfilled. I think where plaintiff was trying to draw the line between fiduciary and settler conduct was solely based on what's written into the terms of the plan. And I don't know where the basis for that line comes from. The Supreme Court has said fiduciary versus settler turns on whether the form and structure of the plan is at issue. And that includes deciding who receives benefits and in what amounts. That's the settler side of the line. Here, I think plaintiff is admitting that if HP decided year by year it would amend the plan to decide whether forfeitures would be used to cover expenses or not, that would be a settler distinction completely immune from ERISA's fiduciary regulations. Can I ask, I guess, a question about maybe more general practice? So in this case, as you've argued it, the presence of 17B is doing some work with respect to the choice that the fiduciary faces under Section 11. If we take Section 17B out, we're then faced with, in terms of moving forward, figuring out whether ERISA allows that choice standing alone. And I just don't know what the conventional structure is. And I guess from your perspective, if we were to rest this on the Section 17 and 11 or just on the Section 11, whether you have a preference or could tell us about some minefields that we should be aware of. I don't think that there are minefields out there, Your Honor. I think that it will always be possible for the plaintiff to identify particular provisions of various plans, which are indeed written. But 11B is, right, Section 11B is a pretty pervasive plan because of these tax issues. Correct. It comes from the options that the Treasury Department laid out. So that's a common one. And I think that focusing on that, using the district court's rationale that there has to be something more than just an 11B kind of provision, which is so widespread, in order to raise a plausible breach of duty, I think that would be an appropriate way that would give guidance to other courts. Well, I took the district court to be saying there's something less than just 11B going on because we have Section 17 in this case, that that could distinguish future cases that are decided just on the menu of options. I think that's probably right, Your Honor, in terms of the district court's second opinion. I will say that there are other plans out there. And one of the few cases on the other side of the divide involved a plan that seems to commit the company to paying a certain set of administrative expenses. And then the forfeitures were used to pay those as well instead of the company having to pay out of pocket. And that was deemed to be a plausible violation. So there could be plans written in a particular way where an inference is plausible. But I think here with 17B especially, it's not plausible to find a violation. All right. Thank you, counsel. Thank you. All right. We'll hear next from Mr. Hartley.  May it please the court. Gary Hartley, on behalf of the Department of Labor, as amicus curiae. The department has important interest in assuring uniform enforcement of ERISA as the primary enforcer of ERISA. The creation of ERISA plans has been one of, if not the greatest source of wealth creation for the American worker. The department seeks to protect the American worker while balancing the flexibility and process requirements of ERISA to ensure that such plans continue to be offered by companies. Plans like the one at issue are voluntary. Companies don't have to create them. Likewise, ERISA does not mandate the particular terms and benefits to be provided if a plan sponsor elects to create a plan. Here, the district court correctly found plaintiffs failed to state a claim for breach of fiduciary duties where plaintiff received all of the benefits promised under the plan. My colleague opened with some undisputed facts, and I'd like to highlight a few others. Here, it is undisputed that the forfeited funds at issue went to the participants and beneficiaries. It's undisputed that the company followed the expressed terms of the plan and the flexibility that the plan provided. And it's undisputed that the participants received all of their promised benefits. What are those promised benefits? The participants received the contributions that were withheld from their paychecks under Section 5B and 17A. Mr. Harley, I guess I'm trying to figure out, based on your brief, whether your primary argument is about the pleadings in this case or ERISA more generally. So is the department's argument that the complaint lacked the something more to show that it was plaintiffs' burden to show that in making the choice between the menu of options, between contributions and expenses, the plaintiffs had to come forward with something? Is that the argument, or do you accept plaintiffs' argument in general that potentially, because that's a fiduciary decision, that an administrator must have a reason to make that choice? I think it's both, Your Honor. So with respect to the pleading standard, the department takes the position that, in this case, plaintiff failed to come forward with sufficient facts to state a claim for a breach of the fiduciary duty. So it had to show more than just that there is a choice and it chose this one instead of this one. That's correct. Particularly in this context, where the facts established that the company had flexibility in its plan documents, the administrator in a fiduciary capacity followed those options and where the record is clear that participants have received all of their promised benefits. And against all of that, the third element of a fiduciary duty claim is to establish a loss. So what is a loss? But just looking at the issue of fiduciary duty, once you say that the discretionary decision is a fiduciary decision, then doesn't it, except in the rare cases we've been talking about, mean that it would have to go for the, you know, not be allocated to the company? It would not, Your Honor. And that's because the forfeited funds at issue here were ultimately reserved for participants and beneficiaries. Those funds could have either been allocated towards defraying expenses on behalf of participants, although the plan doesn't require that, or they could have been used to offset company contributions in the company match. How did the beneficiaries benefit from that second choice as opposed to the company? Well, under risk of the question is whether, and under 1104A1, the question in looking at, looking for the interests of participants and beneficiaries is whether they received the promised benefits. And to look at what benefits are promised, as understood in the statute, you look at the plan documents. Here it is mandatory language in Section 5 that the company shall make matching contributions to the plan, whereas Section 11H is not. It says that the forfeited amounts may be used to reduce employer contributions, restore benefits forfeited, pay plan expenses, or for any other permitted use. The reason that there's no plausible claim stated here is because there was no requirement that the funds be used to offset employee expenses. They were used for a permitted purpose under the plan. And for plaintiff's theory to succeed, that would require that the court look past the express terms of plan documents. But in this case, everyone understood and relied upon the structure of the plan. The plan provided a company match, and it stated that participants would be responsible for the expenses. There was no mandatory language in the plan that required participants to receive their expenses to be offset. So for those reasons, Your Honor, unless there are any further questions, the department would ask the court to affirm the district court's decision. All right. Thank you, counsel. We'll hear rebuttal now. Time permitting, I'd like to address three points here. First is their position that it's undisputed that plaintiff have received all of the benefits of the plan. That is incorrect. One of the benefits of the plan is that when there is discretion, that the fiduciary must act solely in the interest of the participants. And as the Sixth Circuit has expressly held, the plan document must be construed to require a fiduciary to act in the interest of the plan's beneficiaries, even though he is not specifically directed to act as such under the plan document. How is this a detriment to it? I get that you're saying that they're you're pleading that there's not sufficient showing of a benefit. But how do we know it's a it's a detriment to take this these kind of windfall forfeitures and decide to allocate them one way rather than another, as long as it's all in the plan? Because these well, a couple of things here. One is it's a misnomer to say that when the forfeitures are used to pay the plan expenses, that the expenses are being subsidized by the employer. They are no more being subsidized by the employer than the employer's contributions are being subsidized by the participants when the forfeitures are used to offset company contributions. So I think that's that's the first point. The big point here is we have a plan asset and that plan asset is available to save money for either the participants or the company. And there's a decision it's left as a discretionary decision. It's entrusted the fiduciary. What we're saying is generally, if if you have the opportunity to save money for the participants, that's going to be solely in their interest. That's going to be prudent. There are circumstances where there's a risk, right? That there if they do that, they may not get the full funding from the company, even though the company is required under the plan to meet a certain level of benefits. There could be risks where, hey, if we use this plan asset to save money for the participants, it could harm them. I think that that that's a valid concern, but that's got to be explored here. The company did no analysis whatsoever as to what's what's in the best interest of the participants. It didn't try to consult with a neutral decision maker. It didn't evaluate, you know, what are the level of forfeitures we have here? What are the level of expenses? You know, in many years, the expenses aren't that high. They easily could have been offset with no risk that the company would default on its contribution obligation. But the bottom line here is there is a plan asset that is available to save money for either the participants or the company. And the fiduciary has to decide between the two. We have alleged enough to make it reasonable to infer that they were basing this decision purely on their economic self-interest and not doing any sort of neutral analysis. I think another important word just on that point, where we look in the complaint to find an allegation of of the positive decision to do it in their self-interest rather than just one way or the other. One is through circumstantial. We're allowed to the Ninth Circuit has said because we can't get in their brain and we don't have access to the decision making. We haven't gotten emails about how they were deciding it. So we're allowed to create the inference through circumstantial evidence. We have certainly alleged the things they did not do in making their decision. But that would go to go to prudence. And I think you agreed that if if there wasn't an underlying loyalty violation, then nothing would follow from prudence. Well, I think they're two independent obligations. They've got to satisfy both of them. I think one thing here, year in and year out, no matter how many forfeitures are in the plan, no matter how much contributions they owe, no matter how much the expenses are, HP is always choosing to use it only for its own self-interest. The Seventh Circuit and levers angle has said the consistent management of plan assets in congruence with the fiduciary's personal interests over a substantial period of time may be probative of whether the fiduciaries have acted solely in the interest of the beneficiaries. We have certainly alleged that they have never used ever used any of these forfeitures to offset expenses charged to participants. I think that that is it's it's enough to raise a reasonable inference, especially given you also look at how they made the decision. I think that does reflect on whether they're acting in their own interest of the participants interest if they're not evaluating their options, if they're not conflict consulting with an independent. The other just quick point is the the plan committee issue here. It's not clear from the plan document that the plan committee is entrusted with the discretion to decide how to use the the the forfeitures. It's just not clear in the plan. We do know, as they've said, that the company they're trying to distinguish it and say the company, the company under 17B is the one that's deciding whether to use in the in the trust, whether to use the bucket of forfeitures or the bucket of accounts, the individual accounts to pay the expenses. They're saying that's the company's decision. It's a it's a discretionary decision. It's managing plan assets. That's a fiduciary decision. They're saying that that's made by the company, not the plan committee. One of the reasons why the company is the one that we're suing here is because they are the ones that are making that decision, but they are a fiduciary to the extent. That's what the statute saying that I just so that I understand exactly what you're saying. You're saying that even if we think of the committee or the committee members as separate from the company and the company is making the decision, you know, whether the forfeited amounts will be, you know, used to reduce or to pay expenses, etc. That, you know, it it's still it's not a decision of the committee, then it's from the plan, the terms, how they describe the plan committees. They have various different committees, and it's it's not clear that the plan committee is the one that's entrusted with the discretion amongst these decisions. If the plan committee is not exercising the discretion that you say is at issue here, then then it seems like you're arguing the settler is a fiduciary. No, no, because it's confused now. Yeah, because the statute. Okay, so there's a couple ways you can become a fiduciary. You can become a fiduciary because the plan document states that you're a fiduciary or named fiduciary under the statute. Anyone who exercises discretion in administering a plan is a fiduciary and anyone is a fiduciary to the extent they are exercising control over the management or disposition of plan assets. Everyone agrees that HP the company is exercising control over the management and disposition of plan assets when they are deciding what bucket in the plan to use to pay the plans expense. You're saying even if they're not acting as the administrator because they're making the decision that makes them under the statute of fiduciary. It can certainly I think they are administering the forfeitures. I think they are doing that. I think that that's the company is administering the forfeitures. Whether you name it as the plane committee, I think the problem is the plan is very unclear on the parameters of the plane committee's responsibilities. But the bottom line is the fact that it's the company making the decision doesn't make it a settler decision if they are exercising control over plan assets here. They are undisputedly exercising control over plan assets. So they are a fiduciary in making that decision. They're not a fiduciary when they're designing the plan. They're not a fiduciary when they're deciding how much they're going to pay out of their own pockets. But here this is again, this is the plan is using its own money to pay either the expenses or to offset the company contributions. It is not the company that's paying that money. Okay. All right. Thank you. You're quite a bit over the case just argued to be submitted. We thank all counsel in this case for your helpful arguments in the case. And with that, the court stands adjourned for the day.
judges: COLLINS, JOHNSTONE, ALBA